UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DALLAS L. JACOBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:11-cv-1088-DML-WTL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## Entry on Judicial Review

Plaintiff Dallas L. Jacobs applied for Disability Insurance Benefits (DIB) and Supplemental Security Income disability benefits (SSI) on January 18, 2008,[1] alleging he had been disabled since November 26, 2007, because of back pain and a meniscus tear in his right knee that causes pain and numbness. (R. 192). Acting for the Commissioner of the Social Security Administration, an administrative law judge (ALJ) held a hearing on July 21, 2010, and found that Mr. Jacobs was not disabled because there was no continuous period of 12 months or more in which he was not able to engage in substantial gainful activity (SGA). (R.13). On June 14, 2011, the national Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision for the Commissioner final. Mr. Jacobs filed this civil action, under 42 U.S.C. § 405(g), which governs judicial review of denials of both DIB and SSI disability claims.[2]

---

[1] Two programs of disability benefits are available under the Social Security Act: Disability Insurance Benefits under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq*., and Supplemental Security Income disability benefits under Title XVI for uninsured individuals who meet income and resources criteria, 42 U.S.C. § 1381 *et seq*.

[2] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The ALJ decided that Mr. Jacobs was not disabled at step one of the familiar sequential analysis.  The resolution of this appeal turns on whether the ALJ's finding that Mr. Jacobs engaged in SGA during the period September 2008 to December 31, 2008, is supported by substantial evidence and grounded in the proper legal standards.  Mr. Jacobs does not contend that the ALJ's finding that his work activities since the beginning of 2009 have been SGA is without substantial evidentiary support.  For the reasons discussed below, Mr. Jacobs has shown error, and the Commissioner's decision is remanded for further proceedings.

## Standard for Proving Disability

To prove disability, the plaintiff must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).[3]  Mr. Jacobs is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration (SSA) has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled.  A severe impairment is one that "significantly

---

[3]  Citations to the Social Security Act and regulations provided by the Social Security Administration apply to DIB benefits. For SSI benefits, materially identical provisions appear in Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and at 20 C.F.R. § 416.901 *et seq.*

limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The impairments are medical conditions defined by criteria the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to all the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart*, 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled.  The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four), and his RFC; if so, then he is not disabled.

The claimant bears the burden of proof at steps one through four.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If he meets that burden, then the Commissioner has the burden at step five to show work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

### Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence a

reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands that there be more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater,* 108 F.3d 780, 782 (7th Cir. 1997). A reversal and remand may be required, however, if the ALJ committed an error of law, *Nelson v. Apfel,* 131 F.3d 1228, 1234 (7th Cir. 1997), or based the decision on serious factual mistakes or omissions. *Sarchet v. Chater,* 78 F.3d 305, 309 (7th Cir. 1996).

The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). If an ALJ concludes that benefits should be denied, she must have first built an accurate, logical bridge between the evidence and her conclusion. *Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008). The ALJ need not address every piece of evidence in her decision, but she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## The ALJ's Findings

Mr. Jacobs was born on July 11, 1975 (R. 335), was 32 years old at the time of the onset of the alleged disability in November 2007, and was 35 years old at the time of the ALJ's decision. (R. 26). He worked as a truck driver for employer Venture Logistics, but stopped working for Venture in November 2007 after falling out of his truck and injuring his leg. He testified that pain and numbness from his leg injury made him unable to continue working for Venture. In September 2008, Mr. Jacobs started his own trucking business—a sole proprietorship called Cowboy Trucking—in which as a self-employed truck driver, Mr. Jacobs

4

worked about 60 hours per week, year-round. (R. 11). Because he was self-employed, he could take frequent breaks to accommodate the pain and numbness resulting from his leg injury. (R. 29, 39).

At step one, the ALJ deemed Mr. Jacobs not disabled because he found there was no 12-month period since his alleged disability onset date in which Mr. Jacobs was not engaged in SGA. As discussed below, the court finds that remand is required because the ALJ's determination that Mr. Jacobs's work in 2008 was SGA did not sufficiently address the factors required by applicable SSA regulations and rulings.

## Analysis

As the Commissioner points out, Mr. Jacobs does not contest the ALJ's finding that his 2009 and 2010 work for Cowboy Trucking constituted SGA (Commissioner's Brief, Dkt. 21, at p. 5). The focus of his appeal is that the ALJ erred in concluding his 2008 work met the requirements for SGA. If, as Mr. Jacobs contends, the 2008 work was not SGA, then there *was* a 13-month period, from the alleged disability onset date of November 26, 2007 through December 2008, during which Mr. Jacobs did not perform SGA, and the ALJ should have proceeded along the 5-step sequential analysis to decide whether he was disabled during this 13-month period.

    **A. Social Security Regulations set forth the framework for an ALJ to determine if a person has engaged in substantial gainful activity.**

The provisions of 20 C.F.R. § 404.1575 (DIB benefits) and 20 C.F.R. § 416.975 (SSI benefits) outline three tests to determine whether a self-employed person has engaged in SGA. If any of the three tests is met, then the individual has performed SGA. 20 C.F.R. § 04.1575(a)(2). Test One considers whether the claimant rendered "services that are significant to the operation of the business" and received "a substantial income from the business." 20 C.F.R. §

404.1575(a)(2)(i). If that test is not met, Test Two, and then Test Three are considered. *Id.* The ALJ decided that Mr. Jacobs's work from September 2008 (when he started Cowboy Trucking) to December 2008 did not meet Test One and he therefore analyzed that work under Test Two. Because he found Test Two *was* met, the ALJ did not consider Test Three.

> Test Two states:
>
> You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.

20 C.F.R. § 404.1575(a)(2)(ii).

Social Security Ruling (SSR) 83-34 guides ALJs in how to apply this test. Such rulings are published with authority of the Commissioner of Social Security and are binding on the Social Security Administration. *Heckler v. Edwards,* 465 U.S. 870, 873 n.3 (1984); *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). SSR 83-34 directs the ALJ to develop evidence on "all relevant factors such as hours, skills, energy output, efficiency, duties, and responsibilities" in determining if the claimant's work is comparable to that done by similarly situated unimpaired persons, and states:

> Development [of evidence] must be specific. Each work factor cited above must be described in detail, showing its contribution to the business operation. General descriptions are considered inconclusive evidence for the point-by-point comparison that is required. If only a general description is possible or available, any doubt as to the comparability of the factors should be resolved in favor of the impaired individual. Evidence of the impaired individual's activities accompanied by a statement that the work is comparable to the work of unimpaired persons is insufficient for a sound decision.

The Commissioner argues that the ALJ complied with the requirements of Test Two by describing Mr. Jacobs's ability to operate his sole proprietorship at a profit,[4] noting the hours he worked, and describing his ability to perform specific physical tasks such as strapping loads and laying down tarps. (Commissioner's Brief at p. 6). The court finds, however, that the ALJ's discussion of the evidence was inadequate, leaving gaps between the evidence and the ALJ's conclusions.

### B. The ALJ did not consider all relevant work factors described in the regulations and SSR 83-34.

First, the ALJ failed to specifically consider the relevant work factors cited in 20 C.F.R. § 404.1575. According to SSR 83-84's interpretation of 20 C.F.R. § 404.1575, an individual's activity qualifies as SGA only if it is comparable "in terms of all relevant factors" listed in the regulation. In his decision, the ALJ described Mr. Jacobs's testimony regarding the hours he worked in 2008, but did not describe other factors such as the "efficiency" with which he worked and the "energy output" the work required—two factors relevant to Mr. Jacobs's work and for which sufficient evidence was available for evaluation by the ALJ. (R. 11). Mr. Jacobs testified that he required frequent "rest breaks" while driving and sometimes needed to "shorten" his day because of his physical impairments. (R. 39). The ALJ, however, failed to describe the impact on efficiency and energy output that frequent rest breaks necessarily would have. By failing to adequately address evidence related to relevant work factors described in Test Two, the ALJ's finding of SGA lacks proper evidentiary support.

---

[4] Mr. Jacobs's testimony and tax returns indicate he earned net incomes of $1161 in four months of work in 2008, $17,443 in one year of work in 2009, and about the same amount in 2010 that he did in 2009. (R. 11; R. 32-33). Mr. Jacobs concedes that, based on these earnings, his work in 2009 and 2010 qualify as SGA under Test One. He agrees with the ALJ that the 2008 earnings fell below the regulatory threshold to meet Test One.

### C. The ALJ did not complete the necessary comparison of Mr. Jacobs's work experience to those of unimpaired persons also self-employed as truck drivers.

Second, the ALJ failed to specifically compare the duties and tasks Mr. Jacobs performed as a truck driver to the duties and tasks of unimpaired individuals also working as truck drivers for their livelihood. (R. 11-12). Ruling 83-34 provides that "[g]eneral descriptions are considered inconclusive evidence for the point-by-point comparison that is required" under Test Two. In his decision, the ALJ recounted Mr. Jacobs's testimony regarding his work demands (R. 11-12), but did not individually compare each work factor—such as hours, efficiency, or work requirements—to assess how Mr. Jacobs's activity compared to unimpaired individuals for each factor. By not completing a "point-by-point" analysis, the ALJ did not follow the procedure required under Ruling 83-34. The medical evidence in the record supports the need for a well-considered point-by-point comparison. For example, Mr. Jacobs's physician indicated Mr. Jacobs can sit only for one to two hours at a time and can push or pull only for up to an hour. (R. 267). A truck driver sits and pushes clutch pedals. The ALJ should have analyzed how Mr. Jacobs's physical limitations (should the ALJ find them credible) affect his efficiency and energy output and how that compares to unimpaired truck drivers.

Instead of a specific or point-by-point analysis of relevant work factors and a comparison to unimpaired truck drivers, the ALJ relied on the testimony of a vocational expert in deciding Test Two, and on that expert's knowledge of Mr. Jacobs's work requirements gleaned through the testimony during the administrative hearing. But the ALJ did not probe the expert for a point-by-point comparison and asked him only a single, conclusory phrased question. He asked:

> Now, specifically, in your opinion, has the claimant's work activity that he testified to since he started his business, Cowboy Trucking in September of 2008, has his work activity in terms of factors such as hours, skills, energy output, efficiency, duties and responsibility—is that comparable to that of unimpaired

8

>individuals in the community that are in the same or similar business as their means of livelihood?

(R. 52).

The vocational expert answered "It is." (R. 52). But one cannot tell how Mr. Jacobs's activities compare to anyone else in terms of hours, skills, energy output, efficiency, and duties, and the ALJ did not ask the vocational expert to explain how *any* of the relevant work factors stacked up between Mr. Jacobs and unimpaired, self-employed truck drivers. Instead, the ALJ ended his inquiry and moved on. (R. 53). Ruling 83-84 specifically warns that "[e]vidence of the impaired individual's activities accompanied by a statement that the work is comparable to the work of unimpaired persons is insufficient for a sound decision." The court is not convinced that an ALJ's asking a vocational expert a conclusory question and getting a conclusory answer—with no further elucidation touching on relevant work factors—meets the requirements of Ruling 83-34.

At least one other district court has found wanting an ALJ's Test Two SGA determination where the analysis was this type of "bare conclusion." In *Gyore v. Astrue*, 2008 WL 490623 (D. Ariz. Feb. 20, 2008), the "ALJ briefly described Plaintiff's [work] activities and found, without explanation, that the activities 'constitute comparable worth.'" *Id.* at *2. The court found the decision therefore lacked support in substantial evidence and remanded. *Id.* at *4.

The ALJ in this case similarly described some aspects of Jacobs's work experience. (He works 60 hours per week; self-employment allows him to adjusts his days as needed; spends only 15 minutes per week on paperwork; physical strength and exertion is required to strap down loads on flatbed and pull down and secure a tarp, R. 11-12.) But, tellingly, he never mentioned Mr. Jacobs's testimony (supported by medical evidence and the opinion of Mr. Jacobs's physician) that his leg and back injuries and the pain symptoms that accompany them require

9

frequent breaks and prolong his work day, thus requiring 60 hours of work in a week. The ALJ's bare statement that he gave "great weight" to the opinion of the vocational expert when the record is missing any reflection on work factors such as efficiency, energy output, and responsibilities, and how the job is performed by unimpaired persons as compared to Mr. Jacobs, convinces the court that remand is necessary.

> **D. Because there was no well-developed evidence of the comparability of Mr. Jacobs's work, the ALJ should have erred on the side of the plaintiff.**

According to SSR 83-34, "any doubt as to the comparability of the [work] factors should be resolved in favor of the impaired individual" and "the lack of conclusive evidence as to the comparability of the required factors will result in a finding that work performed is not SGA." District courts have applied this guideline strictly and reminded ALJs that doubts must be resolved in favor of the claimant if conclusive evidence is not available for comparing the claimant's work profile to that of an unimpaired individual. *See Ellis-Clements v. Comm'r of Soc. Sec.*, 2011 WL 2884870 at *6 (D. Vt. July 18, 2011) (noting that "unspecific" analysis failed to meet required standard of conclusive evidence); *Karaz v. Astrue*, 2009 WL 877709 at *10 (E.D. Mo. Mar. 30, 2009) (finding no SGA when comparability of factors was inconclusive); *Downes v. Barnhart*, 289 F. Supp. 2d 1072, 1074 (S.D. Iowa 2003) (citing with approval SSR 83-34's requirement that doubt be resolved in favor of claimant).

As noted in this entry, evidence in the record raises significant doubt whether Mr. Jacobs's 2008 work activity constituted SGA under Test Two. As Mr. Jacobs argues, his work profile appears not comparable to that of unimpaired individuals in terms of hours and energy output and efficiency. During 2008, Mr. Jacobs spent 60 hours driving each week. (R. 31). His work history with a private employer, Venture Logistics, suggests that a customary work week for a commercial truck driver is 40 hours. (R. 204). According to Mr. Jacobs, the 20 extra hours

10

he expended while self-employed was attributable to his need for frequent rest breaks because of leg and back pain.[5] The record suggests that Mr. Jacobs's physical impairments make his job more difficult or more painful than an unimpaired person would experience. His testimony and medical evidence suggest that his back and leg problems substantially affect his ability to bend, lift heavy objects, push a clutch, and load and unload a truck. Although the ALJ mentioned that Mr. Jacobs "can adjust his days as he needs to" to accommodate breaks, he did not then account for how Mr. Jacobs's experience—needing 60 hours to perform a 40-hour job—may in fact not be comparable to others. (R. 11).

## Conclusion

For the foregoing reasons, the court finds that the ALJ's decision that Mr. Jacobs's work in 2008 was SGA is not supported by substantial evidence. The ALJ may gather additional evidence and must revisit his analysis under Test Two. If he is unable to decide that Mr. Jacobs engaged in SGA under Test Two, then he must assess Mr. Jacobs's 2008 work under Test Three at 20 C.F.R. § 404.1575(a)(2)(iii). If Mr. Jacobs is found to not have engaged in SGA in 2008, the ALJ must proceed along the five-step sequential analysis to determine whether Mr. Jacobs was disabled during the period November 26, 2007 through December 31, 2008.

The Commissioner's decision is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

So ORDERED.

Date: __09/26/2012__

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record

---

[5] Mr. Jacobs testified—and the ALJ's decision does not provide any basis for doubting the testimony (in fact, the decision doesn't mention the testimony)—that he needs regular breaks to let his back "calm down" and he has to find a place to stop and try to stretch out his back at least every two hours. (R. 29, 44).

11